IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

**DEBRA GAY McCOY,**

    **Plaintiff,**

v.                         **CIVIL ACTION NO. 5:13-cv-28907**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Currently pending before the court is the Defendant's Motion to Dismiss Claimant's Complaint filed March 10, 2014 (ECF No. 9). Claimant has not responded. This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence and to submit proposed findings of fact and recommendation for disposition all pursuant to 28 U.S.C. § 636(b)(1)(B).

The Commissioner asserts that Claimant's case must be dismissed because this action was not filed in the District Court within sixty days of Claimant's receipt of the Appeals Council's notice. The Commissioner and Claimant represent that on January 24, 2012, an Administrative Law Judge (ALJ) issued an administrative decision wherein he determined that Claimant was not entitled to benefits. (ECF Nos. 1, 9). Claimant filed a request for review and on August 8, 2013, the Appeals Council denied Claimant's request for review. The notice from the Appeals Council advised Claimant that if she desired court review of the ALJ's decision, a civil action must be commenced in federal court within sixty days from the date of receipt of the Appeals Council's notice. Because

Claimant did not file her complaint until November 13, 2013 (ECF No. 1), approximately thirty days late and did not request additional time to file her complaint, the Commissioner asserts that Claimant's complaint should be dismissed as untimely.

The court proposes that the District Court make the following findings as to the procedural history in this case:

(1) On January 24, 2012, an ALJ issued an administrative decision wherein he determined that Claimant was not entitled to benefits.

(2) Claimant filed a request for review and on August 8, 2013, the Appeals Council advised Claimant that it did not find a basis for changing the ALJ's decision.

(3) The notice from the Appeals Council advised Claimant that if she desired court review of the ALJ's decision, a civil action must be commenced in federal court within sixty days from the date of receipt of the Appeals Council's notice.

(4) Claimant filed her complaint on November 13, 2013 (ECF No. 1).

Judicial review of a determination made by the Commissioner of Social Security is controlled by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the Claimant resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

Pursuant to the Commissioner's authority under § 405(g) to allow "further time" for the commencement of civil actions, the Commissioner promulgated 20 C.F.R. § 422.210(c) (2013). Under the regulation, the 60-day period starts when notice is received by the claimant. The regulations also create a rebuttable presumption that the claimant receives the notice "five days after the date of such notice." A claimant can rebut this presumption by making a "reasonable showing to the contrary" that he or she did not receive such notice within the five days. *Id.* If the claimant successfully rebuts the presumption, the burden is then placed upon the Commissioner to establish that the claimant received actual notice. *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987); *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984).

The filing requirement of § 405(g) is not jurisdictional. *Bowen v. City of New York*, 476 U.S. 467, 478-79 (1986). Instead, it is a statute of limitations subject to equitable tolling. *Id.* For example, in *Bowen*, the Supreme Court held that equitable tolling applies "[w]here the government's secretive conduct prevents Claimants from knowing of a violation of right . . . ." *Id.* at 481 (citations omitted); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (stating that tolling of statute of limitations is appropriate where party was tricked or deceived by adversary's misconduct or where filing was timely but defective); *Hyatt v. Heckler*, 807 F.2d 376, 380-81 (4th Cir. 1986) (finding that tolling is warranted in light of Secretary's secretive policy of nonacquiescence with the law of circuit). However, courts have "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96 (citations omitted).

3

In the present case, the Appeals Council issued its decision on August 8, 2013. Pursuant to 20 C.F.R. § 422.210(c), Claimant is presumed to have received the notice from the Appeals Council on August 13, 2013. Thus, the 60-day period for filing a civil action in federal court ended on October 12, 2013. Because October 12, 2013 fell on a Saturday, Claimant needed to institute a civil action by Monday, October 14, 2013. Claimant's civil action complaint contains an attached copy of the August 8, 2013, Notice of Appeals Council (ECF No. 1). Claimant has not attempted to rebut the presumption that she received the Appeals Council's notice on or before August 13, 2013, nor has Claimant identified factors which would justify equitable tolling. As such, the court recommends that the District Court grant Defendant's Motion. For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the District Court **GRANT** Defendant's Motion to Dismiss Claimant's Complaint and DISMISS this matter from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

ENTER: April 15, 2014

Dwane L. Tinsley
United States Magistrate Judge